FILED
COURT OF APPEALS
DIVISION II

2014 AUG 12 PM 12: 49

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| BABYSALOME T. GAMBLE, | No. 44743-6-II |
| Appellant, | |
| v. | |
| WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, | UNPUBLISHED OPINION |
| Respondent. | |

MELNICK, J. — Babysalome Gamble appeals the trial court's dismissal of her administrative appeal challenging the Department of Social and Health Services's (Department) finding that she neglected her daughter, a vulnerable adult. The agency review judge applied collateral estoppel and determined that the trial court's neglect finding in a previous protection order proceeding involving Ms. Gamble and her daughter bound the agency. Ms. Gamble appealed to the trial court, which affirmed. She argues on appeal to this court that (1) collateral estoppel should not apply and (2) the agency's order is not supported by substantial evidence. Because Ms. Gamble had an incentive to vigorously litigate the issue of neglect at the protection order proceeding, and in fact did so, we hold that collateral estoppel applies. Additionally, even without applying collateral estoppel, the agency's order is supported by substantial evidence of neglect. We affirm.

## FACTS

Ms. Gamble is the caretaker for her adult daughter, JTR. In 2004, Ms. Gamble's husband,[1] JTR's stepfather, was accused of raping JTR. As a result of those accusations, JTR's stepfather pleaded guilty to assaulting JTR. The court issued a no contact order prohibiting

---

[1] At the time, Ms. Gamble was not yet married to JTR's stepfather.

contact between JTR and her stepfather. The court rescinded the order in 2006. In 2007, Ms. Gamble and JTR's stepfather bought a house where they lived together with JTR and her younger sister.

In September 2010, the Department received a report alleging more abuse by JTR's stepfather on JTR. The report also alleged that Ms. Gamble was neglecting JTR by allowing JTR to be alone with her stepfather. The Department investigated the allegations and obtained a vulnerable adult protection order on JTR's behalf in superior court. The protection order included a finding that Ms. Gamble had neglected JTR. It restrained her from having unsupervised contact with JTR. Ms. Gamble objected to the court's finding that she had neglected JTR. She appealed this issue to our court. *In re Ramos*, noted at 162 Wn. App. 1038, 2011 WL 2639940. We affirmed the protection order, including the neglect finding. *Ramos*, 2011 WL 2639940, at *2.

The Department also made an administrative finding that Ms. Gamble had neglected JTR.[2] This finding was based on Ms. Gamble's failure to supervise JTR in JTR's stepfather's presence. Ms. Gamble requested a hearing to contest the finding. After a hearing, the Administrative Law Judge (ALJ) affirmed the Department's neglect finding. Ms. Gamble appealed to a review judge.

The review judge determined that collateral estoppel applied because the trial court had already determined during the protection order proceedings that Ms. Gamble had neglected JTR. The judge therefore concluded that the trial court's neglect findings were binding and affirmed the ALJ's order.

---

[2] This is a separate proceeding from the protection order. Under chapter 74.34 RCW, the Department must investigate allegations of abuse or neglect and determine whether they are substantiated.

Ms. Gamble sought review of the review judge's order in superior court. The Department moved for summary judgment, arguing that collateral estoppel applied. The trial court granted the Department's motion and dismissed the case. Ms. Gamble appeals.

ANALYSIS

I. STANDARD OF REVIEW

The Administrative Procedure Act (APA), chapter 34.05 RCW, governs our review of agency orders. WAC 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; *Lynn v. Dep't of Soc. & Health Servs.*, 170 Wn. App. 535, 543-44, 285 P.3d 178 (2012). A court may grant relief from an order if it determines that the agency erroneously interpreted the law or the agency's decision is not supported by substantial evidence. RCW 34.05.570(3)(d), (e). The party asserting the invalidity of an order has the burden of demonstrating the invalidity. RCW 34.05.570(1)(a). We sit in the same position as the superior court, applying the APA standards directly to the administrative record. *Hardee v. Dep't of Soc. & Health Servs.*, 152 Wn. App. 48, 54, 215 P.3d 214 (2009).

We review legal conclusions de novo to determine whether the review judge correctly applied the law and whether the findings support the conclusions. *Hardee*, 152 Wn. App. at 55. Whether collateral estoppel applies is an issue of law we review de novo. *Christensen v. Grant County Hosp. Dist. No. 1*, 152 Wn.2d 299, 305, 96 P.3d 957 (2004).

Where a party asserts that the agency's decision is not supported by substantial evidence, we determine whether there is "'a sufficient quantity of evidence to persuade a fair-minded person of the truth or correctness of the order.'" *Kittitas County v. Kittitas County Conservation Coal.*, 176 Wn. App. 38, 47-48, 308 P.3d 745 (2013) (quoting *City of Redmond v. Cent. Puget Sound Growth Mgmt Hearings Bd.*, 136 Wn.2d 38, 46, 959 P.2d 1091 (1998)). We view the evidence in the light most favorable to "'the party who prevailed in the highest forum that

exercised fact-finding authority.'" *Kittitas County*, 176 Wn. App. at 48 (quoting *City of Univ. Place v. McGuire*, 144 Wn.2d 640, 652, 30 P.3d 453 (2001)).

II.      COLLATERAL ESTOPPEL

First, Ms. Gamble argues that collateral estoppel does not apply in this instance.[3] Because the protection order proceedings involved full litigation of Ms. Gamble's neglect of JTR, we affirm.

Initially, Ms. Gamble contends that the Department improperly raised this issue for the first time on appeal. For support, she cites RCW 34.05.554, which states that issues not raised before the agency may not be raised on appeal, and RCW 34.05.558, which states that judicial review of a disputed issue of fact must be confined to the agency record for judicial review. But the review judge ruled on collateral estoppel during the administrative proceedings and Ms. Gamble does not identify any issues of fact necessary for deciding this appeal that were not raised in the agency record. Ms. Gamble further argues that the review judge should not have raised the question of collateral estoppel sua sponte. She fails to cite any authority in support of this contention. *See* RAP 10.3(a)(6); *State v. Young*, 89 Wn.2d 613, 625, 574 P.2d 1171 (1978) (quoting *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) (courts may assume that where no authority is cited, counsel has found none)).

---

[3] Ms. Gamble also argues that summary judgment is an improper procedure for resolving an administrative appeal. CR 81(a) states, "Except where inconsistent with rules or statutes applicable to special proceedings, these rules shall govern all civil proceedings." Judicial review of the Department's orders is governed by the APA. WAC 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. The APA does not state whether summary judgment proceedings are appropriate. *See* RCW 34.05.510-.598. Thus, summary judgment under CR 56 is not inconsistent with the APA.

Collateral estoppel prohibits parties from relitigating issues in a subsequent proceeding. *Christensen*, 152 Wn.2d at 306 (quoting *Rains v. State*, 100 Wn.2d 660, 665, 674 P.2d 165 (1983)). The party seeking to apply collateral estoppel must show that (1) the earlier proceeding decided the identical issue presented in the later proceeding, (2) the earlier proceeding ended in a judgment on the merits, (3) the earlier proceeding involved the party against whom collateral estoppel is asserted, and (4) no injustice occurs by the application of collateral estoppel. *Christensen*, 152 Wn.2d at 307. Ms. Gamble alleges that none of the requirements was met in this case.

Ms. Gamble first argues that the issues in each proceeding were different. She asserts that the issue in the protection order proceeding was whether a protection order was necessary and the issue in the second proceeding was whether the neglect allegation was founded. However, the trial court in the first proceeding decided Ms. Gamble neglected JTR. *Ramos*, 2011 WL 2639940, at \*2. This issue is central to the current administrative proceedings. Accordingly, the first element is met.

The second and third elements are also met. The protection order proceedings ended in a final judgment on the merits. *Ramos*, 2011 WL 2639940, at \*1. Ms. Gamble was a party to both the protection order proceedings and these administrative proceedings.

Finally, Ms. Gamble contends that applying collateral estoppel would work an injustice. She argues that she did not have an incentive to vigorously litigate the issues in the protection order proceedings. But Ms. Gamble had similar incentives to litigate the issues in both the protection order and the administrative proceedings. In both cases, a neglect finding would result in Ms. Gamble losing her status as JTR's caretaker. WAC 388-825-385 (providing that the Department may terminate a caretaker's contract under circumstances indicating, among

5

other things, neglect); RCW 74.34.130 (providing that the court may prohibit contact with the vulnerable adult).

The record indicates that Ms. Gamble contested the neglect finding throughout the protection order proceedings. At the protection order hearing, Ms. Gamble was represented by counsel and had an opportunity to testify. Her attorney argued that Ms. Gamble had not neglected JTR and objected to the court making a neglect finding. When the trial court made the neglect finding over her objections, Ms. Gamble appealed to this court. *See Ramos*, 2011 WL 2639940, at *1.

This situation is unlike the cases Ms. Gamble cites in her brief, *Hadley v. Maxwell*, 144 Wn.2d 306, 27 P.3d 600 (2001), and *State v. Valdez*, 148 Wn.2d 303, 59 P.3d 648 (2002). In those cases, our Supreme Court held that it was unjust to apply collateral estoppel to bar relitigation of issues decided in administrative proceedings. *Hadley*, 144 Wn.2d at 315; *Vasquez*, 148 Wn.2d at 317-18. In *Hadley*, the defendant faced more serious consequences in the subsequent trial court proceedings compared to the consequences in the administrative proceedings. 144 Wn.2d at 310, 315. And in *Vasquez*, the purposes of the prior and subsequent proceedings were fundamentally different. 148 Wn.2d at 317-18. Accordingly, the parties had less incentive to vigorously litigate the issues in the earlier administrative proceedings. *Hadley*, 144 Wn.2d at 315; *Vasquez*, 148 Wn.2d at 317-18.

By contrast, here, during the prior protection order proceeding, Ms. Gamble risked losing not only her status as JTR's caretaker, but her ability to contact her daughter without supervision. Thus, she had an incentive to vigorously litigate the issue and in fact did so. The review judge did not err by concluding that collateral estoppel applied.

IV.   FINDING OF FACT 58

Ms. Gamble next argues that finding of fact 58 is not based on substantial evidence. Finding of fact 58 states that the ALJ and review judge did not find Ms. Gamble credible when she testified that she did not believe JTR's stepfather assaulted JTR. This involves a credibility determination. We will not disturb credibility determinations on appeal. *Griffith v. Seattle Sch. Dist. No. 1*, 165 Wn. App. 663, 672, 266 P.3d 932 (2011).

V.   SUBSTANTIAL EVIDENCE

Finally, Ms. Gamble argues that the agency's order is not supported by substantial evidence. Because the agency record as a whole, taken in the light most favorable to the Department, establishes that Ms. Gamble neglected JTR by not adequately protecting her from her stepfather, we disagree.

"Neglect" means

> (a) a pattern of conduct or inaction by a person or entity with a duty of care that fails to provide the goods and services that maintain physical or mental health of a vulnerable adult, or that fails to avoid or prevent physical or mental harm or pain to a vulnerable adult; or (b) an act or omission by a person or entity with a duty of care that demonstrates a serious disregard of consequences of such a magnitude as to constitute a clear and present danger to the vulnerable adult's health, welfare, or safety, including but not limited to conduct prohibited under RCW 9A.42.100.

RCW 74.34.020(12). Here, even without relying on the trial court's neglect finding in the protection order proceedings, there is substantial evidence to support the agency's order.

The review judge found that Ms. Gamble, JTR's caretaker, knew that for JTR's safety and because of her disabilities, JTR needed protection and a caregiver's supervision. The review judge also found that Ms. Gamble knew of the accusations that JTR's stepfather sexually assaulted JTR in 2004 and that he had a conviction for assaulting JTR. Despite these facts, in 2007, JTR and Ms. Gamble moved in with JTR's stepfather and younger sister. During that

time, Ms. Gamble left JTR in her stepfather's presence without adult supervision. Ms. Gamble testified that, between 2007 and 2008, JTR's stepfather and younger sister picked JTR up from school once or twice a month. Ms. Gamble failed to sufficiently address the alleged abuse with JTR or question her directly about her interactions with her stepfather. Thus, there is substantial evidence that Ms. Gamble knew of the risk of harm to JTR and failed to prevent physical or mental harm or pain to JTR. *See* RCW 74.34.020(12). We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Johanson, C.J.

Maxa, J.

8