**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM SWOGER,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>RARE COIN WHOLESALERS; STEVEN L. CONTURSI; DONALD KAGIN,<br>*Defendants-Appellees*. | No. 13-56501<br><br>D.C. No.<br>8:09-cv-00903-CJC-AN<br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted
June 4, 2015—Pasadena, California

Filed October 8, 2015

Before: MILAN D. SMITH, JR., and N. RANDY SMITH,
Circuit Judges, and JOAN H. LEFKOW,\* Senior District
Judge.

Opinion by Judge Milan D. Smith, Jr.

---

\* The Honorable Joan Humphrey Lefkow, Senior District Judge for the
U.S. District Court for the Northern District of Illinois, sitting by
designation.

## SUMMARY**

### Coins / Discovery

The panel affirmed the district court's summary judgment in favor of Rare Coin Wholesalers in an action brought by a coin expert seeking compensation for his expertise on a rare coin known as a "Brasher Doubloon."

The coin expert's claim for relief depended upon the accuracy of his assertion that he had provided to Rare Coin Wholesalers proof that their Coin was the first legal-tender gold coin struck pursuant to an Act of Congress.

The panel held that the Coin was not, as the coin expert theorized, legal tender pursuant to An Act Regulating Foreign Coins, and For Other Purposes, ch. 5. 1 Stat. 300 (1793). The panel concluded that the coin expert could not recover because he had not provided the information he alleged he was required to provide pursuant to the parties' agreement. The panel also held that the coin expert did not satisfy the requirements of Fed. R. Civ. P. 56(d), and, accordingly, the district court did not abuse its discretion by denying the coin expert's request for a continuance to conduct discovery.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Richard P. Herman (argued), Law Office of Richard P. Herman, Newport Beach, California, for Plaintiff-Appellant.

Armen R. Vartian (argued), Law Offices of Armen R. Vartian, Manhattan Beach, California, for Defendants-Appellees.

**OPINION**

M. SMITH, Circuit Judge:

Plaintiff-Appellant William Swoger appeals from the district court's grant of summary judgment in favor of Defendants-Appellees Rare Coin Wholesalers, Steven L. Contursi, and Donald Kagin (collectively, Appellees). Appellees owned a rare coin known as a "Brasher Doubloon." Swoger offered to sell Appellees information that would prove that their coin was the first legal-tender coin struck pursuant to an Act of Congress. Swoger divulged the information, but Appellees refused to pay him, and Swoger filed suit.

In due course, Appellees moved for summary judgment. After that motion had been fully briefed, Swoger moved to continue oral argument in order to depose a witness. The district court denied Swoger's motion. On summary judgment, the district court concluded that as a matter of law, Appellee's Brasher Doubloon was not legal tender, that Swoger's information was without value, and that Swoger could not prevail on any of his claims. Accordingly, the district court granted summary judgment to Appellees.

Swoger appeals both the discovery ruling and the grant of summary judgment. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Ephraim Brasher was a goldsmith in late eighteenth-century New York. He minted several coins known as Brasher Doubloons, which command a high price in today's numismatic market. All Brasher Doubloons display an eagle on one side of the coin, but one such coin differs from all the others in that Brasher countermarked his initials on the breast of the eagle rather than on its wing. That coin, formerly owned by Appellees, is the subject of this case. The parties agree that Swoger is an expert concerning coins like the Brasher Doubloons. In the course of his research, Swoger became convinced that Appellees' coin—the "Punch on Breast" Brasher Doubloon (Coin)—was the first legal-tender coin in the United States.

Swoger informed Appellees that he had information that would prove that their Coin was "the first United States Coin issued for circulation, and was issued . . . under authority of [a]n Act of Congress." The Act in question (Act) was An Act Regulating Foreign Coins, and For Other Purposes, ch. 5, 1 Stat. 300 (1793). Swoger offered to sell this information to Appellees for money. The complaint described the ensuing negotiation as follows:

> In February of 2009, Plaintiff contacted Defendant Kagin. Negotiations began in which Plaintiff informed him that the information that Plaintiff had would prove that Defendants Kagin and Contursi's coin was indeed the first legal tender coin to be

struck pursuant to an Act of Congress to circulate in the United States. . . . Defendant Kagin contacted Plaintiff and advised him that they thought this information was worth $250,000.00.      Plaintiff then advised Defendant Kagin that he thought the information was worth $500,000.00.

The parties agreed to meet at a trade show to conclude negotiations.  At the trade show on April 3, 2009, Kagin allegedly insisted that Swoger provide the proof behind his theory.  Swoger informed Appellees that the Act provided for Spanish and Spanish colonial coins to pass at 27.4 grains per dollar.  That would require a 15 dollar gold piece like the Brasher Doubloon to weigh 411 grains.  Swoger informed Appellees that because their Coin weighed 410.5 grains, it must have been struck "pursuant to the Act."  Appellees refused to pay Swoger for this information.

Swoger brought five claims against the defendants, styled respectively as claims for quantum meruit, fraud, breach of contract, constructive trust, and misappropriation of trade secrets.  Throughout the litigation, Swoger took the position that the agreement required him to prove the Coin was the first legal-tender gold coin struck pursuant to an Act of Congress. The viability of each of Swoger's claims depended upon the accuracy of this premise.

Discovery originally closed on November 26, 2010. However, Appellees sold the Coin in December 2011. Accordingly, on October 18, 2012, the district court permitted Swoger to depose persons involved in the sale, including Steven Contursi.  On May 24, 2013, Appellees moved for summary judgment.  Swoger, however, had yet to depose

Contursi. Accordingly, on June 19, 2013, just four days before the scheduled date of oral argument, Swoger moved for a continuance. The district court denied his motion.

On summary judgment, Appellees argued that each of Swoger's claims required him to prove that he had provided information proving that the Coin was legal tender under the Act, and that he had not done so. In opposition, Swoger provided an affidavit explaining once again his theory that the Coin "was THE FIRST LEGAL TENDER GOLD COIN STRUCK PURSUANT TO AN ACT OF CONGRESS TO CIRCULATE IN THE UNITED STATES."

The district court granted summary judgment. The district court determined that the Act applied only to foreign coins, and that Appellees' Coin, which was struck in New York, could not have been legal tender under the Act. The district court also found that all of the information Swoger had provided to Appellees was already known or otherwise publicly available. This appeal followed.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over Swoger's appeal pursuant to 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo. *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1059 (9th Cir. 2012). A district court's refusal to continue a hearing on summary judgment pending further discovery is reviewed for an abuse of discretion. *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001).

## DISCUSSION

### I.  Summary Judgment

Each of Swoger's claims for relief depended upon the accuracy of his assertion that he had provided to Appellees proof that their Coin was the first legal-tender gold coin struck pursuant to an Act of Congress. For example, in his claim for quantum meruit, Swoger alleged that he offered to "prove that [their] coin was indeed the first legal tender coin to be struck pursuant to an Act of Congress to circulate in the United States."

The Act provided that certain "foreign gold and silver coins shall pass current as money within the United States, and be a legal tender for the payment of all debts and demands." 1 Stat. at 300. It further specified which countries' coins qualified, at what weights, and for how much value in American denominations. *Id*. On its face, the Act did not mention domestic goldsmiths like Brasher, let alone authorize them to mint gold coins. Therefore, the Coin was not, as Swoger theorized, legal tender struck pursuant to the Act. Accordingly, Swoger could not recover because he had not provided the information he alleged he was required to provide pursuant to the parties' agreement.

On appeal, refining a theory he first advanced in response to summary judgment, Swoger argues that whether the Coin was legal tender is irrelevant. Under this theory, because the Coin was struck to *conform* to the weight specified in the Act for Spanish doubloons, using the gold from Spanish doubloons, it "did not need to be weighed, and could be used in commerce as a $15 coin." The claims that Swoger brought in his complaint, however, rely on the premise that he gave Appellees information sufficient to prove that the Coin was legal tender—not merely that it was commonly used as a store of value. That a coin was used as a medium of exchange does not make it legal tender. "[C]ongress is vested with the exclusive exercise of the . . . power of coining money and regulating the value of domestic and foreign coin." *The Legal-Tender Cases*, 110 U.S. 421, 448 (1884). Swoger has provided no authority for the proposition that Congress exercised that power with respect to Appellees' Coin. Therefore, Appellees were entitled to summary judgment as a matter of law.

## II. Discovery Ruling

Federal Rule of Civil Procedure Rule 56(d) provides that if a party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Swoger filed his opposition without providing any such affidavit or declaration.

Two weeks *after* he filed his opposition, however, Swoger filed a "request" that summary judgment be continued so that he could depose Contursi. At that point, the summary-

judgment motion had been fully briefed and oral argument was pending in four days. The district court denied Swoger's request, holding that Swoger had "not been diligent in pursuing discovery and [had] not shown good cause to justify a continuance at this stage in the proceedings." The court reasoned that more than seven months had passed since it reopened discovery to permit Swoger's deposition of Contursi, during which time trial had twice been continued to accommodate Swoger's discovery requests. The court also observed that since the primary issue on summary judgment was a pure question of law, further depositions were unlikely to be helpful.

Swoger did not satisfy the requirements of Rule 56(d). He failed to identify what specific facts a deposition of Contursi would have revealed that would have precluded summary judgment. Indeed, he could not identify such facts, because whether Appellees were entitled to summary judgment turned on a pure question of law: the legal status of Appellees' Coin. Accordingly, the district court did not abuse its discretion by denying Swoger's request for a continuance. *See Tatum*, 441 F.3d at 1100.

## CONCLUSION

All pending motions are denied as moot. The district court's decision is **AFFIRMED.**