**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| HOPLAND BAND OF POMO INDIANS; et al., | No. 14-15112 |
| Plaintiffs - Appellants, | D.C. No. 3:12-cv-00556-CRB |
| v. | MEMORANDUM[*] |
| SALLY JEWELL, Secretary of the United States Department of the Interior; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Submitted December 10, 2015[**]
San Francisco, California

Before: O'SCANNLAIN, SILVERMAN, and BEA, Circuit Judges.

The Hopland Band of Pomo Indians and four other tribes (collectively "the

Tribes") appeal the district court's grant of summary judgment in favor of the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Secretary of the Interior and other Bureau of Indian Affairs ("BIA") officials

(collectively "the Secretary") in the Tribes' action challenging the BIA's declination

of their proposed Indian Self-Determination and Education Assistance Act ("ISDA")

contracts for law enforcement services, also referred to as a "638 contracts" after the

Public Law enacted by the ISDA, Pub. L. No. 93-638, 88 Stat. 2203 (1975) (codified

as amended in scattered sections of 5, 25, 42 and 50 U.S.C.). We have jurisdiction

over the appeal under 28 U.S.C. § 1291. Reviewing the district court's grant of

summary judgment in favor of the Secretary de novo, *Swoger v. Rare Coin

Wholesalers*, 803 F.3d 1045, 1047 (9th Cir. 2015), we affirm.

The district court did not err in concluding that this court's opinion in *Los

Coyotes Band of Cahuilla & Cupeño Indians v. Jewell*, 729 F.3d 1025 (9th Cir. 2013),

controls here. Seven of the eight causes of action asserted by the Tribes present the

same substantive arguments presented by the Los Coyotes tribe and decided by this

court in *Los Coyotes*. This court's ruling that the BIA properly denied the Los

Coyotes tribe's request for a new 638 law enforcement contract pursuant to 25 U.S.C.

§ 450f(a)(2)(D), *id.* at 1035–38, forecloses the Tribes' claims that assert violations of

the ISDA. *Los Coyotes*'s holding that the BIA's decisions regarding the allocation of

its limited funds for law enforcement involve an exercise of agency discretion that is

not reviewable, *id.* at 1038–39, similarly forecloses the Tribes' claims pursuant to the

2

APA. Finally, this court's holding that the Secretary of the Interior had provided, and the Los Coyotes tribe had not rebutted, rational bases for the BIA's approach to allocating law enforcement funds among Public Law 280 and non-Public Law 280 states,[1] *id.* at 1039–40, forecloses the Tribes' equal protection challenges.

Moreover, the district court did not err in rejecting the Tribes' Indian trust doctrine claim. The Tribes' claim of a violation of the Indian trust doctrine relies on statutes that expressly recognize the BIA's responsibility to provide or to assist in the provision of law enforcement services in Indian country and to administer the ISDA contract program in furtherance of the tribal self determination. Nothing in the statutory language is, however, reasonably read to impose on the United States a specific fiduciary obligation to approve the Tribes' contract applications or to allocate funding for law enforcement in California or other Public Law 280 states. *See Gros Ventre Tribe v. United States*, 469 F.3d 801, 810–11 (9th Cir. 2006). Therefore, the district court correctly granted summary judgment in favor of the Secretary.

---

[1] In 1953, Congress enacted Public Law 83-280 ("P.L. 280"), which transferred to six states, including California ("P.L. 280 States"), "jurisdiction over offenses committed by or against Indians in the areas of Indian country. . ." Act of Aug. 15, 1953, Pub. L. No. 83-280, § 2, 67 Stat. 588 (codified as amended at 18 U.S.C. § 1162(a)-(c)).

**AFFIRMED.**