**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ROSEANNA MARTHA ROBINSON, | No. 13-16853 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-00730-JCS |
| v. | |
| ALAMEDA COUNTY; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Argued and Submitted November 17, 2016
San Francisco, California

Before: MELLOY,** CLIFTON, and WATFORD, Circuit Judges.

In 1998, Plaintiff Roseanna Robinson became a part-time peace officer in

Defendant Alameda County's Probation Department ("the County"). Over the course

of a decade, Robinson filed numerous internal and governmental complaints alleging

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

discrimination and harassment by her supervisors. In 2010, Robinson applied for, and was offered, a promotion to a full-time peace officer position. The County conditioned its offer on Robinson passing a psychological evaluation, as was required of all applicants offered the position at the time. Robinson, however, did not pass the evaluation. As a result, the County not only denied Robinson the promotion to full-time peace officer, but also stopped scheduling her for work in her existing part-time peace officer position. The County informed Robinson that, by failing the psychological evaluation, she fell below the minimum standards required of peace officers under Cal. Gov't Code § 1031.

Robinson filed suit against the County. She alleged, *inter alia*, retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). Opposing the County's motion for summary judgment, Robinson argued that the failed psychological evaluation was pretext for the County's real motive: retaliation for the internal and governmental complaints she had filed over the years. The district court, however, found that Robinson did not raise a triable issue of fact regarding pretext. Accordingly, the district court granted summary judgment to the County. Robinson appeals, and we now affirm.

The only issue on appeal is whether, under Title VII, Robinson raised a triable issue of fact that the failed psychological evaluation was pretext for illegal retaliation.

"We review a district court's grant of summary judgment de novo." *Swoger v. Rare Coin Wholesalers*, 803 F.3d 1045, 1047 (9th Cir. 2015). In so doing, we "view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor." *Id.*

As an initial matter, we note that Robinson's appeal primarily relies on arguments and evidence not presented to the district court. In opposition to the County's motion for summary judgment, Robinson alleged the results of her psychological evaluation were fabricated or improperly influenced by her supervisor. She also argued that, even if the evaluation results were accurate, the County disregarded restrictions placed on the use of the evaluation by the psychologist. On appeal, Robinson renews her argument as to the evaluation's restrictions, but she does not challenge the evaluation's results as inaccurate. She also presents new arguments and evidence to support her pretext claim. Specifically, she argues that the County disregarded procedural protections afforded to County employees when it relied on the psychological evaluation to remove her from the work schedule. According to Robinson, these alleged procedural irregularities are evidence of pretext.

"We apply a 'general rule' against entertaining arguments on appeal that were not presented or developed before the district court." *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir. 1998) (quoting *Bolker v. Comm'r of Internal*

3

*Revenue*, 760 F.2d 1039, 1042 (9th Cir. 1985)). There is no "bright-line rule," but "[a] workable standard . . . is that the argument must be raised sufficiently for the trial court to rule on it." *O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989). And "evidence [presented] for the first time on appeal cannot create a triable issue of fact" where the party "failed to articulate this evidence to the district court in opposition to the summary judgment motion." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 999 (9th Cir. 2002). In the present case, we find no circumstances warranting consideration of Robinson's new arguments and evidence. *See Peterson*, 140 F.3d at 1321 (listing exceptions to the rule that a court will not consider new arguments on appeal).

But even if we were to consider all of Robinson's arguments and evidence on appeal, we would still find she has not produced sufficient evidence to generate a triable question of fact as to pretext. Robinson correctly states that procedural irregularities can support an inference that an employer's stated reason for an adverse action is actually pretext for its true retaliatory motive. *See, e.g.*, *Porter v. Cal. Dep't of Corrs.*, 419 F.3d 885, 896 (9th Cir. 2005). It does not follow, however, that every procedural irregularity will raise such an inference. Here, the County has consistently claimed that it stopped scheduling Robinson for work because she failed her psychological evaluation and, therefore, ceased to meet the requirements for peace

officers under Cal. Gov't Code § 1031. Robinson acknowledges that she is required to meet the requirements of section 1031 throughout her career as a peace officer. *See Sager v. Cty. of Yuba*, 68 Cal. Rptr. 3d 1, 7 (Cal. Ct. App. 2007). She also acknowledges that the County must enforce those requirements. *See id.* at 7–8.

What Robinson disputes is the *manner* in which the County enforced section 1031. Specifically, Robinson argues that the County improperly enforced section 1031 at the expense of her procedural rights under the County's charter and civil service rules. Even if Robinson's procedural rights were violated, these violations would not suggest that the County stopped scheduling her for work "because" she engaged in protected activities under Title VII. *See* 42 U.S.C. § 2000e-3(a). Similarly, the County's alleged disregard of the psychological evaluation's restrictions does not suggest that the County stopped scheduling Robinson for work or refused to promote her because she engaged in protected activities. Although the evaluation was intended only for Robinson's promotion to a full-time peace officer position, Robinson's part-time position is substantially identical to the full-time position and likewise subject to the requirements under section 1031. Indeed, Robinson submitted to and passed a psychological evaluation when the County first hired her as a part-time peace officer. The County's alleged refusal to consider Robinson for a promotion one year after the evaluation was administered, moreover,

5

does not raise an inference of retaliatory motive. The County has long offered to consider an updated, second opinion from a qualified psychologist, but Robinson has not provided an opinion sufficient to satisfy the requirements under section 1031. Under these facts, we find that Robinson has not presented sufficient evidence to raise a triable issue of fact on the issue of pretext.

For the foregoing reasons, the district court's grant of summary judgment is **AFFIRMED.**

Appellant's motion for judicial notice, filed January 21, 2016, is **GRANTED IN PART** and **DENIED IN PART**.[1]

---

[1] Specifically, we grant the motion as to the opinion from the state court disciplinary proceeding, but deny the motion as to the remaining documents.