NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 9 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBEN DARIO GARCIA, Jr., | No.   17-55600 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00875-LAB-BGS |
| v. | |
| R. BLAHNIK; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted October 4, 2018 2018**

Before:    TROTT, SILVERMAN, and TALLMAN, Circuit Judges

Ruben Dario Garcia, Jr., a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

retaliation related to his filing of grievances.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Ford v. City of Yakima*, 706 F.3d 1188, 1192 (9th

---

      *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2013). We may affirm on any basis supported by the record. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We affirm.

Summary judgment was proper as to Garcia's claims of retaliation based on the Form 128-B General Chronos filed by Estes, Blahnik, and Canada because Garcia failed to raise a genuine issue of material fact as to whether the General Chronos constituted an adverse action. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (defining elements of a First Amendment retaliation claim in the prison context); *see also Skoog v. County of Clackamas*, 469 F.3d 1221, 1231–32 (9th Cir. 2006) (retaliation plaintiff must prove that defendant took action that "would chill or silence a person of ordinary firmness from future First Amendment activities" (quoting *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1300 (9th Cir.1999))).

The district court properly granted summary judgment on Garcia's claims of retaliation based on the filing of rules violation reports by Blahnik and Flores because Garcia failed to raise a genuine issue of material fact as to whether the filing of the reports failed to advance a legitimate correctional goal. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) ("To prevail on a retaliation claim, a prisoner must show that the alleged action 'did not reasonably advance a legitimate correctional goal.'" (quoting *Rhodes*, 408 F.3d at 568)).

The district court properly granted summary judgment as to Garcia's claim

of retaliation based on his removal from the Men's Advisory Council because Garcia failed to raise a genuine issue of material fact as to whether his removal failed to advance a legitimate correctional goal. *See Brodheim*, 584 F.3d at 1271.

Summary judgment was proper as to Garcia's claims of retaliation against various supervisors for their role in processing, approving, and screening of rules violation reports, because Garcia failed to raise a genuine issue of material fact as to whether any of the supervisors' actions were because of Garcia's protected conduct. *See Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) ("[T]he plaintiff must allege a causal connection between the adverse action and the protected conduct."). We reject as unsupported by the record Garcia's contentions against Seibel. Additionally, the district court properly granted summary judgment as to Garcia's claims of supervisory liability because Garcia failed to raise a genuine issue of material fact as to whether any supervisors were personally involved in any alleged retaliation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (requirements for establishing supervisory liability).

The district court correctly granted summary judgment as to Garcia's retaliation claim against Cariman for restraining and temporarily placing him in a holding cell. Taking all inferences in Garcia's favor, there is no genuine dispute of material fact as to whether Cariman acted without an appropriate purpose. Garcia had previously interrupted the orderly process of the medication line and accused

the nurse of endangering inmates' health and safety. When he raised the same objections on July 24, 2013, he created a similar disruption, causing Cariman to remove him from the line. Cariman's response to Garcia's behavior was fitting under the circumstances. As the district court noted, "Cariman's 'day-to-day' decision to remove Garcia from the pill line is the type of call *Sandin [v. Conner*, 515 U.S. 472, 482 (1995)] says courts need to avoid second guessing. Instead, the court should 'afford appropriate deference and flexibility to state officials trying to manage a volatile environment.'" *Garcia v. Blahnik*, No. 14CV875-LAB (BGS), 2017 WL 1161225, at *3 (S.D. Cal. Mar. 29, 2017) (quoting *Sandin*, 515 U.S. at 482). A medication line in a prison is undoubtedly a "volatile environment" which cannot tolerate prisoner interference.

The district court did not abuse its discretion by denying Garcia's motion for a third extension of time to file his opposition to defendants' motion for summary judgment. *See Swoger v. Rare Coin Wholesalers*, 803 F.3d 1045, 1047 (9th Cir. 2015) (setting forth standard of review).

We do not consider matters "not specifically and distinctly raised and argued in [the] opening brief." *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (quoting *Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir.1985)).

**AFFIRMED.**