NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY LEWIS; LEITH JASINOWSKI-KAHL, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> RONALD J. ENGLISH, individually and in his official capacity as the General Counsel of Seattle Public School District No. 1; LARRY DORSEY, individually and in his official capacity as the Public Safety Director of Seattle Public School District No. 1; SEATTLE PUBLIC SCHOOL DISTRICT NO. 1; DOES 1-250, <br><br> Defendants-Appellees. | No.  16-35534 <br><br> D.C. No. 2:15-cv-00345-TSZ <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted August 27, 2018
Seattle, Washington

Before:  HAWKINS, McKEOWN, and W. FLETCHER, Circuit Judges.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Gregory Lewis ("Lewis") and Leith Jasinowski-Kahl ("Kahl") appeal the summary judgment entered by the district court on their constitutional and state law tort claims against the Seattle School District (the "District") and several of its officers. Because the parties are familiar with the facts, we do not recite them in full here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

In a previous state court action, Lewis and Kahl defeated, on First Amendment grounds, the District's decision banning them from entering or attending meetings on "all District property." The state court enjoined the ban.

Months later, Lewis and Kahl sued for damages in federal court based on the same events and claims as the state court action. The district court granted summary judgment in favor of the District, in part based on res judicata, and denied a request for further discovery.

We review de novo the district court's decision to grant summary judgment. *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011). We view the evidence in the light most favorable to the non-movant, and we may affirm summary judgment on any ground supported by the record. *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 973 (9th Cir. 2017). We review for abuse of discretion the district court's refusal to continue summary judgment proceedings pending further discovery. *Swoger v. Rare Coin Wholesalers*, 803 F.3d 1045, 1047 (9th Cir. 2015).

We conclude that res judicata bars all of the claims. As a matter of full faith and credit, we apply Washington claim preclusion law to the state court's judgment. *Furnace v. Giurbino*, 838 F.3d 1019, 1023 (9th Cir. 2016). The state court's order satisfies the threshold requirement of a "final judgment on the merits in the prior suit." *Hisle v. Todd Pac. Shipyards Corp.*, 93 P.3d 108, 114 (Wash. 2004).

Claim preclusion bars the federal action because it overlaps with the state court action in the following respects: "(1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made." *Rains v. State*, 674 P.2d 165, 168 (Wash. 1983). For good reason, Lewis and Kahl hardly dispute that the first, third, and fourth elements are present. So we turn to the second element of claim preclusion—same "cause of action." Rather than mechanistically comparing the asserted claims, Washington courts consider the following factors to determine whether two causes of action are the same for purposes of res judicata:

> (1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Rains*, 674 P.2d at 168 (alteration in original) (quoting *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982)).

3

So understood, the "causes of action" are identical. The first factor is irrelevant where, as here, a prevailing party seeks to leverage its victory in a subsequent action (as opposed to a losing party seeking to undermine its defeat). *See Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 868 (9th Cir. 1995) (applying Washington law). The other three factors suggest uniformity. Comparing Lewis and Kahl's state court trial brief with their complaint in federal court shows an overwhelming overlap of evidence, rights, and transactional nucleus of facts.

Finally, we reject Lewis and Kahl's argument that assorted jurisdictional barriers precluded them from pursuing their damages claims in state court. State courts have concurrent jurisdiction to hear 42 U.S.C. § 1983 actions. *Robinson v. City of Seattle*, 830 P.2d 318, 332 (Wash. 1992). Nothing about RCW 28A.645.010, which authorized Lewis and Kahl's challenge to the District's decision, precluded them from also asserting claims for damages. *See, e.g.*, *Clark v. Cent. Kitsap Sch. Dist. No. 401*, 686 P.2d 514, 515 (Wash. Ct. App. 1984) (plaintiff in superior court had "appealed the Board's order of dismissal" pursuant to RCW 28A.625.010's identical predecessor "and also sought damages for breach of contract"). Nor did Washington's 60-day notice-of-claim waiting period, RCW 4.96.020(4), preclude Lewis and Kahl from asserting claims for damages. "[S]tate notice of claim provisions are inapplicable to § 1983 actions," *Boston v.*

4

*Kitsap Cty.*, 852 F.3d 1182, 1185 (9th Cir. 2017), and the seven months between filing and final judgment provided Lewis and Kahl ample opportunity to include the state law claims, *see* Wash. Super. Ct. Civ. R. 15 (governing amendment and relation back).

The federal action overlaps with the state action in the four relevant respects, so res judicata bars the federal action. The district court acted within its discretion in denying additional discovery, which was unrelated to the res judicata issue.

**AFFIRMED.**