NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ACADIAN STEEL, INC.,

Plaintiff-counter-claim-
defendant-Appellant,

v.

AMERICAN CONTRACTORS
INDEMNITY COMPANY,

Defendant-counter-claim-
3rd-party-plaintiff-
Appellee,

v.

JARVAN L. PIPER; et al.,

Third-party-defendants-
Appellants.

No. 23-15048

D.C. No.
1:21-cv-00131-DKW-KJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, Chief District Judge, Presiding

Argued and Submitted October 6, 2023
Honolulu, Hawaii

Before: BERZON, MILLER, and VANDYKE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Acadian Steel, Inc., Jarvan L. Piper, Colette Piper, and Acadian Steel Erectors, Inc. (collectively, Acadian) appeal from the district court's order granting summary judgment to American Contractors Indemnity Company (ACIC) on its claim for breach of contract. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review de novo the district court's grant of summary judgment." *Christian v. Umpqua Bank*, 984 F.3d 801, 808 (9th Cir. 2020). "A district court's refusal to continue a hearing on summary judgment pending further discovery is reviewed for an abuse of discretion." *Swoger v. Rare Coin Wholesalers*, 803 F.3d 1045, 1047 (9th Cir. 2015).

1. Acadian breached the terms of its General Indemnity Agreement (GIA) with ACIC by refusing to indemnify ACIC for payment that ACIC made to the general contractor, Nan, Inc. (Nan). Under the GIA, Acadian agreed that it would be "liable for . . . any and all payments made by [ACIC] in the good faith belief that: (1) [Acadian] is or has been in default [on its subcontract with Nan] . . . ; (2) [ACIC] was or might be liable for a claim asserted against a Bond, whether or not such liability actually existed; or (3) such payments were or are necessary or expedient to protect any of [ACIC's] rights or interests or to avoid or lessen [ACIC's] actual or alleged liability." On October 10, 2018, Nan terminated Acadian for allegedly defaulting on Acadian's subcontract. Nan then made a claim

on the performance bond that had been issued by ACIC. On April 1, 2021, ACIC settled with Nan for $4,075,450.73. Under the plain terms of the GIA, Acadian must indemnify ACIC for that payment.

Acadian argues that it is not contractually required to indemnify ACIC because ACIC made the payment to Nan in bad faith. But in the GIA, Acadian agreed that it could challenge ACIC's good faith only if it "deposit[ed] with [ACIC] cash, securities or other collateral, in form and amount acceptable to [ACIC], in its sole and absolute discretion, to completely cover [ACIC's] exposure or perceived exposure" resulting from Nan's claim on the bond. The GIA was unambiguous on this point, stating that Acadian's posting of collateral was "an absolute condition precedent to the right of [Acadian] to challenge [ACIC's] good faith with respect to settlement of any claims asserted against [ACIC]." Acadian failed to post the collateral requested by ACIC, thereby forfeiting its right to challenge ACIC's good faith in settling Nan's claim.

Acadian argues that the provision of the GIA conditioning Acadian's right to challenge ACIC's good faith is inconsistent with statements elsewhere in the GIA that Acadian is liable only for payments made by ACIC in good faith. But, as the district court explained, there is no inconsistency: The GIA "simply imposes a *limitation* on Acadian's ability to enforce ACIC's good faith—that is, by complying with its *own* obligations . . . and posting collateral."

3

Acadian also argues that this limitation "render[s] the indemnification agreement an unenforceable contract of adhesion." A contract is adhesive if "it is drafted or otherwise proffered by the stronger of the contracting parties on a 'take it or leave it' basis." *Brown v. KFC Nat'l Mgmt. Co.*, 921 P.2d 146, 167 (Haw. 1996). Such a contract "is unenforceable if two conditions are present: (1) the contract is the result of coercive bargaining between parties of unequal bargaining strength; *and* (2) the contract unfairly limits the obligations and liabilities of, or otherwise unfairly advantages, the stronger party." *Id.* Acadian points to no evidence that the GIA was the result of coercive bargaining or that it was offered on a "take it or leave it" basis. There is thus no genuine dispute that the GIA is enforceable, and ACIC is entitled to summary judgment on its breach-of-contract claim.

2. The district court did not abuse its discretion in denying Acadian's request to stay summary judgment proceedings pending further discovery. Acadian argues that additional discovery was needed to determine whether ACIC paid Nan in good faith. But Acadian forfeited its bad-faith defense when it failed to post collateral. Acadian therefore could not "explain how additional facts would preclude summary judgment." *SEC v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018).

**AFFIRMED.**

4