[No. 49638–2. En Banc. December 22, 1983.]

GEORGE C. RAINS, *Appellant,* v. THE STATE OF WASHINGTON, ET AL, *Respondents.*

*Michael Stuart Gillie,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *James M. Johnson, Senior Assistant,* for respondents.

*Edward F. Schaller* on behalf of Steven K. Stedham and *Michael W. Gendler* on behalf of the American Civil Liberties Union, amici curiae for appellant.

DOLLIVER, J.—In 1973 and 1974 George Rains spent over $100 for newspaper advertisements in which he opposed various ballot propositions. Under RCW 42.17.100(1), as it existed at that time, Rains was required to file a report with the Public Disclosure Commission (PDC) disclosing these expenditures. Rains refused to do so, whereupon the PDC filed a complaint against Rains seeking civil penalties and injunctive relief.

The trial court granted summary judgment in favor of Rains. We affirmed in *State ex rel. Pub. Disclosure Comm'n v. Rains,* 87 Wn.2d 626, 555 P.2d 1368, 94

A.L.R.3d 933 (1976), holding RCW 42.17.100(1) was unconstitutionally vague "because it fail[ed] completely to specify a time period or limit within which reports are required to be filed." 87 Wn.2d at 630.

Shortly thereafter, Rains filed a complaint in federal district court (Rains v. Quast, No. C77–894S (W.D. Wash. March 11, 1981) (judgment filed)) alleging enforcement of RCW 42.17.100(1) violated his first, fifth, ninth, and fourteenth amendment rights under the United States Constitution. He claimed the deprivation of these constitutional rights by named members of the PDC made out a cause of action under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The court granted judgment for the defendants. In its conclusions of law the court stated:

> None of the plaintiff's federally–protected constitutional rights were affected or impaired by the state's action in attempting to enforce the provisions of RCW 42.17.100(1) against him in 1974.

The court further concluded the members of the PDC were immune from suit under the doctrine of qualified immunity, while the Attorney General and his assistants enjoyed absolute prosecutorial immunity. In addition, the defendants were awarded $5,000 in attorney fees.

Subsequently, in May 1981 plaintiff filed this complaint for violation of 42 U.S.C. § 1983 in Clallam County Superior Court. He named the State of Washington and the PDC as defendants. Defendants counterclaimed under RCW 4.24.350, alleging plaintiff had maliciously prosecuted his case. They also named plaintiff's attorney, Robert A. Yothers, as a third party defendant. Both parties moved for summary judgment. The trial court (1) granted defendants'

motion for summary judgment based on the doctrines of res judicata and collateral estoppel; (2) granted plaintiff's and third party defendant Yothers' motion for summary judgment on the counterclaim/third party complaint for civil malicious prosecution; and (3) refused to grant attorney fees, terms, or costs to either party.

The trial court is affirmed. We hold this action is barred by both res judicata and collateral estoppel. Furthermore, we hold the State has not waived its immunity and has not consented to being sued in state court for alleged violations of 42 U.S.C. § 1983.

## I

■ Res judicata occurs when a prior judgment has a concurrence of identity in four respects with a subsequent action. There must be identity of (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made. *Seattle–First Nat'l Bank v. Kawachi,* 91 Wn.2d 223, 588 P.2d 725 (1978).

Rains asserts the subject matter in the federal court action and this action differs. He characterizes the first action as a "good faith" determination of Quast's actions and claims the second action "is whether *Owen*–type liability should apply to State action because of waiver of sovereign immunity." *See Owen v. Independence,* 445 U.S. 622, 63 L. Ed. 2d 673, 100 S. Ct. 1398 (1980) (a municipality has no immunity from liability under 42 U.S.C. § 1983 flowing from its constitutional violations and may not assert the good faith of its officers as a defense to such liability). As defendants point out, however, this analysis goes to the matter of defenses, not to the cause of action. The defenses asserted by defendants do not change the fact that the subject matter in both actions is the alleged deprivation of constitutional rights, a deprivation which the federal district court found was nonexistent.

■ The causes of action are also identical for purposes of res judicata. While identity of causes of action "cannot

be determined precisely by mechanistic application of a simple test", *Abramson v. University of Hawaii,* 594 F.2d 202, 206 (9th Cir. 1979), the following criteria have been considered:

> (1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201–02 (9th Cir.), *cert. denied,* 103 S. Ct. 570 (1982) (quoting *Harris v. Jacobs,* 621 F.2d 341, 343 (9th Cir. 1980)). *See Curtiss v. Crooks,* 190 Wash. 43, 53–54, 66 P.2d 1140 (1937); *Meder v. CCME Corp.,* 7 Wn. App. 801, 806, 502 P.2d 1252 (1972). The prior judgment determined plaintiff's constitutional rights were not impaired. The evidence necessary in both cases is identical. The same infringement of civil rights under 42 U.S.C. § 1983 is alleged in both cases. Lastly, the two suits arise out of the same transactional nucleus of facts.

Plaintiff claims the parties and their quality were not the same since Quast as a member of the PDC was not authorized to act on behalf of the State and the State, under the Eleventh Amendment, is immune from suit in federal court. The parties, although somewhat differently named on the complaints, were "qualitatively" the same. A suit against members of the PDC is in effect a suit against the State. As the federal district court held, there were no violations of plaintiff's rights "by the state's action". "'Identity of parties is not a mere matter of form, but of substance. . . . [P]arties nominally different may be, in legal effect, the same.'" *Sunshine Anthracite Coal Co. v. Adkins,* 310 U.S. 381, 402, 84 L. Ed. 1263, 60 S. Ct. 907 (1940) (quoting *Chicago, R.I. & Pac. Ry. v. Schendel,* 270 U.S. 611, 620, 70 L. Ed. 757, 46 S. Ct. 420, 53 A.L.R. 1265 (1926)). *See Edelman v. Jordan,* 415 U.S. 651, 664–65, 39

L. Ed. 2d 662, 94 S. Ct. 1347 (1974) (lawsuit against officials administering Aid to the Aged, Blind, and Disabled programs was in fact an action against the state). *Cf. Scheuer v. Rhodes,* 416 U.S. 232, 237, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974); *Centralia College Educ. Ass'n v. Board of Trustees,* 82 Wn.2d 128, 129, 508 P.2d 1357 (1973).

There is a concurrence of the four identities which bars this second action under the doctrine of res judicata.

## II

■ Plaintiff is also collaterally estopped from bringing this action.

The doctrine of collateral estoppel differs from res judicata in that, instead of preventing a second assertion of the same claim or cause of action, it prevents a second litigation of issues between the parties, even though a different claim or cause of action is asserted.

*Seattle–First Nat'l Bank v. Kawachi,* 91 Wn.2d 223, 225–26, 588 P.2d 725 (1978). The Court of Appeals in *Seattle–First Nat'l Bank v. Cannon,* 26 Wn. App. 922, 927, 615 P.2d 1316 (1980) (quoting *Lucas v. Velikanje,* 2 Wn. App. 888, 894, 471 P.2d 103 (1970)) stated:

Affirmative answers must be given to the following questions before collateral estoppel is applicable: (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (4) Will the application of the doctrine not work an injustice on the party against whom the doctrine is to be applied?

Not only are the claims identical in both actions, but so are the issues. The issue presented in the first action was whether specifically named members of the Washington State Public Disclosure Commission deprived Rains of his constitutional rights. The issue in the present action is whether the State and the Public Disclosure Commission deprived Rains of those same rights. A substitution of parties who are qualitatively the same does not lessen the

equivalency of the issues.

There was a final judgment on the merits entered in federal district court, and, as previously discussed, the parties in both lawsuits are qualitatively the same.

The application of the doctrine of collateral estoppel will not work an injustice on plaintiff. He had an unencumbered, full and fair opportunity to litigate his claim in a neutral forum—federal district court. *Allen v. McCurry,* 449 U.S. 90, 100–01, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980). Plaintiff is foreclosed under the doctrine of collateral estoppel from relitigating the same issue in state court.

## III

The barring of this claim by res judicata and collateral estoppel is applicable to a section 1983 action. *Allen v. McCurry, supra. See generally* Degnan, *Federalized Res Judicata,* 85 Yale L.J. 741, 745–49 (1976); Restatement (Second) of Judgments § 87 (1982). Nonetheless, we believe it is important in this case to address the question of whether the State is liable in state court in a section 1983 action. As plaintiff notes, the State cannot be sued in federal court because of the Eleventh Amendment. *Peters v. Lieuallen,* 693 F.2d 966, 970 (9th Cir. 1982); *Edgar v. State,* 92 Wn.2d 217, 221, 595 P.2d 534 (1979), *cert. denied,* 444 U.S. 1077 (1980). In *Edgar v. State, supra* at 222, we explicitly held "the State is not suable under section 1983 for acts of its agents subjecting the plaintiff to deprivation of his civil rights". We affirm that position.

Nevertheless, plaintiff claims a state may waive its sovereign immunity and consent to suit under section 1983 in a state court. The plaintiff asserts the State has done so, citing RCW 4.92.140–.170. Although the United States Court of Appeals for the Ninth Circuit in dicta contained in a footnote asserted there had been a waiver by the State, *McConnell v. Critchlow,* 661 F.2d 116, 117 n.1 (9th Cir. 1981), we believe an independent state analysis of the statutes involved and the legislative intent in enacting these statutes is appropriate.

RCW 4.92 provides the State of Washington is liable for damages for its tortious conduct to the same extent as if it were a private person or corporation. RCW 4.92.140–.170 provide for the compromise, settlement, and payment of state claims. Laws of 1975, 1st Ex. Sess., ch. 126, §§ 4–7 amended these provisions and "extend[ed] the defense authority to federal civil rights actions", particularly those arising under 42 U.S.C. §§ 1981 *et seq.* Washington State Legislature, *Legislative Report of the 44th Regular and 1st Extraordinary Sessions* 259 (Final, July 1975).

 While "it has been clear that a public official may be held liable in damages when his actions are found to violate a constitutional right and there is no qualified immunity," *Monell v. Department of Social Servs.,* 436 U.S. 658, 707, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978) (Powell, J., concurring), there is no express legislative indication that the State here has consented to suit in state court for federal civil rights actions. "The statute was not designed to create new causes of action." *Edgar v. State, supra* at 228.

The 1975 amendments to RCW 4.92 show legislative recognition of the duty of the State to pay federal civil rights claims arising against state officers or employees from the tort revolving fund. *Legislative Report of the 44th Regular and 1st Extraordinary Sessions,* at 259. In order to be protected by the statute, the acts or omissions of a state officer, elected official, or employee must be or be purported to be "in good faith, within the scope of his official duties". Laws of 1975, 1st Ex. Sess., ch. 126, § 2, p. 473.

The purpose of the 1975 amendments is to protect state officers, employees, and elected officials who either acted or purported to act in good faith from the fiscal impact of a section 1983 action brought against them. We pointed out in *Edgar v. State, supra* at 222:

> Inasmuch as the State is not suable under section 1983 for acts of its agents subjecting the plaintiff to deprivation of his civil rights, the remedy for such deprivation, if such there was, must be pursued against those individuals who committed the acts.

In *Edgar* only the State and not those individuals who allegedly violated section 1983 were sued. The Legislature, by virtue of Laws of 1975, 1st Ex. Sess., ch. 126, provided protection for its employees who may be subjected to section 1983 actions. We can find nothing in the legislative history nor in the legislation to indicate the Legislature also intended the State could be sued.

The State could have chosen to accept directly the "enormous fiscal burdens" of section 1983 actions (*Quern v. Jordan*, 440 U.S. 332, 344 n.16, 59 L. Ed. 2d 358, 99 S. Ct. 1139 (1979)). We believe, however, if this had been the intention of the Legislature it would have been stated by "express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" *Edelman v. Jordan*, 415 U.S. 651, 673, 39 L. Ed. 2d 662, 94 S. Ct. 1347 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171, 53 L. Ed. 742, 29 S. Ct. 458 (1909)). It has not done so. While the Legislature may take such action in the future, we prefer to await that contingency rather than to abandon the view set forth in *Edgar.*

Both parties assert they are entitled to attorney fees. We disagree and find no error in the refusal of the trial court to grant attorney fees to either party.

Finally, we look with disfavor on the inclusion of plaintiff's attorney as a third party defendant in the State's counterclaim for malicious prosecution. An independent and unintimidated private bar is essential to the operation of our legal system. Discipline of attorneys who abuse the system is within the power of the courts; the type of action brought by the State is inappropriate.

WILLIAMS, C.J., ROSELLINI, UTTER, BRACHTENBACH, DORE, DIMMICK, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.

Reconsideration denied February 8, 1984.