127 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John SCANNELL, Plaintiff-Apellant,
v.
CITY of Seattle; Seattle Center; Department of Labor and
Industries of the State of Washington; Virginia Anderson;
Terry McLaughlin; Mylor Trenneer; John Moeller; John
Cunningham; Ron Washington, Defendants-Appellees.
 No. 96-36166.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the Western District of Washington John C. Coughenour, District Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John Scannell, who worked as a zamboni operator at the Seattle Center ice rink, appeals pro se the district court's summary judgment dismissal of his 42 U.S.C. § 1983 action alleging that his employer suspended and then terminated him in retaliation for his speaking out on matters of public concern. Scannell also sought review of an arbitrator's decision upholding his termination.
 
 
 3
 WE have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment, and may affirm on any ground supported by the record. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1313 (9th Cir.1989).
 
 
 4
 The district court did not abuse its discretion by refusing to review by writ the arbitrator's decision that Seattle Center had just cause to suspend and terminate Scannell. See King County v. Washington State Bd. of Tax Appeals, 622 P.2d 898, 903-04 (Wash.App.1981) (review by constitutional writ denied where administrative action was not illegal, arbitrary, or capricious)
 
 
 5
 The district court did not abuse by granting summary judgment to Washington State, see Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (state is not a person subject to suit under § 1983), or to State Department of Labor and Industries official John Moeller, see Cohen v. Fred Neyer, Inc., 686 F.2d 793, 796 (9th Cir.1982) (prima facie case of retaliation requires causal link that protected activity was likely reason for adverse gactivity)
 
 
 6
 Res judicata bars Scannell's § 1983 claim that the City and its employees retaliated against him by suspending him, because the superior court previously dismissed the same claim. See Rains v. State, 674 P.2d 165, 168-69 (Wash.1983) (en banc) (stating elements of res judicata). Res judicata bars Scannell's claim that the City and its employees retaliated against him by login interminating him, because he gcould have and should have raised the claim in the superior court action. See Norris v. Norris, 622 P.2d 816, 820 (Wash.1980) (en banc). Accordingly, the district court did not err by granting summary judgment to the City defendants.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3