142 F.3d 443
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Linda L. DOLL, Plaintiff-Appellant,
v.
Trent CLASEN, Washington State Patrol Officer; Annette M.
Sandberg, Chief of the Washington State Patrol,
Defendants-Appellees.
 No. 96-36273.
D.C. No. CV-95-05773-RJB.
 United States Court of Appeals, Ninth Circuit.
 Submitted** April 9, 1998.
Decided April 30, 1998.
 
 Appeal from the United States District Court for the Western District of Washington, Robert J. Bryan, District Judge, Presiding.
 Before HUG, Chief Judge, REINHARDT and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Linda Doll appeals the district court's grant of summary judgment in favor of defendants in her 42 U.S.C. § 1983 action. We affirm.
 
 
 3
 The parties are familiar with the factual and procedural history, therefore, we will not recount it here.
 
 
 4
 Doll argues that we should apply the doctrine of collateral estoppel to the issue of whether Trooper Trent Clasen's decisions to stop, arrest, and detain her were reasonable. To analyze the binding effect of the prior Washington state criminal proceeding on this suit, we look to the rules governing collateral estoppel in Washington state. Lombardi v. City of El Cajon, 117 F.3d 1117, 1121 (9th Cir.1997). Under Washington law, "[a]ffirmative answers must be given to the following questions before collateral estoppel is applicable:
 
 
 5
 (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question?; (2) Was there a final judgment on the merits?; (3) Was the party against whom the plea is asserted a party or in privity with the party to the prior adjudication?; (4) Will the application of the doctrine not work an injustice on the party against whom the doctrine is to be applied?
 
 
 6
 Rains v. State, 100 Wash.2d 660, 665, 674 P.2d 165, 169 (1983).
 
 
 7
 While the state court reversed Doll's initial conviction because Trooper Clasen did not have a sufficiently well-founded suspicion to stop Doll, the reasonableness of his actions in a section 1983 action involves different analysis. See Anderson v. Creighton, 483 U.S. 635, 643-44, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Because Rains ' first factor has not been met, collateral estoppel is inappropriate. Rains, 100 Wash.2d at 665, 674 P.2d at 169.
 
 
 8
 Trooper Clasen served as security detail on the Sealth Ferry during New Year's Eve of 1993. He was informed that a car was not departing from the Sealth after it docked, in spite of efforts of ferry workers to rouse the passengers. He was informed by one ferry worker that the passengers were "possibly intoxicated." Clasen stated that, as Doll's car approached him, he noticed that the driver, Linda Doll, "did appear to be intoxicated", "her face was distorted and she appeared to be nervous." An officer could reasonably have thought that, in light of the information known to Trooper Clasen, the decision to stop Doll and administer the sobriety test was constitutional under the Fourth Amendment. Clasen is therefore shielded from suit under the doctrine of qualified immunity. Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir .1993).
 
 
 9
 The inclusion of Annette Sandberg, Chief of the Washington State Patrol, as a defendant is barred pursuant to Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3