
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN B. FREEMAN, an individual, | No. 08-35634 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01510-BHS |
| v. | |
| THOMAS WHITTINGTON BERGAN AND STUDEBAKER INC. PS, Law Firm; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted March 16, 2010 [**]

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

John B. Freeman appeals pro se from the district court's judgment

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JK/Research

dismissing his action challenging a state court writ of garnishment against him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We may affirm on any ground supported by the record. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007). We affirm.

The *Rooker-Feldman* doctrine did not apply when the action was filed because there was no final state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292-93 (2005) (explaining that when there is parallel state and federal litigation, disposition of the federal action, once the state court adjudication is complete, is governed by preclusion law). Nevertheless, the district court properly dismissed the action because the issue of whether Freeman's bank account contained funds exempt from garnishment was litigated by the parties or their privies in state court and decided by the Washington courts in favor of defendants. *See Freeman v. Bergan*, No. 05-2-26618-0SEA, slip op. at 1-2 (Wash. Super. Ct. Sept. 14, 2007); *Freeman v. Bergan*, No. 05-2-26618-0SEA, slip op. at 1 (Wash. Super. Ct. Oct. 3, 2007); *see also Rains v. State*, 674 P.2d 165, 169 (Wash. 1983) (describing elements of issue preclusion under Washington law).

Freeman's remaining contentions are unpersuasive.

**AFFIRMED.**