IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| LORI A. SWEENEY, and JEROLD L. SWEENEY, husband and wife, | ) ) ) | No. 36154-3-III |
| Appellants, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| JAMES N. DUNLAP, M.D. and JANE DOE DUNLAP, husband and wife and the marital community thereof; and | ) ) ) ) | |
| PROVIDENCE HEALTH SERVICES, d/b/a PROVIDENCE ORTHOPEDIC SPECIALTIES, a Washington Corporation, | ) ) ) ) ) | |
| Respondents. | ) | |

KORSMO, J. — This is the second time Lori Sweeney's medical malpractice claim against Dr. James Dunlap has been before this court following a successful motion for dismissal at summary judgment. We reverse and remand for further proceedings.

FACTS

The significant facts governing this appeal are primarily procedural in nature. Ms. Sweeney, a resident of Montana, suffered an injury to her right shoulder in April 2010

No. 36154-3-III
*Sweeney, et al. v. Dunlap, et ux, et al.*

when she tripped at a gas station in Ritzville. She was seen at the East Adams Rural Hospital by physician assistant (PA-C), Allen Noble. He determined that her shoulder was dislocated.

Mr. Noble contacted Dr. Dunlap in Spokane before attempting a closed reduction of the dislocation. After that reduction was performed, it was discovered that Ms. Sweeney's humerus was broken. Soon thereafter, Dr. Dunlap performed a partial shoulder replacement on Ms. Sweeney. In April 2012, Dr. Dunlap performed a surgical repair of the rotator cuff in Ms. Sweeney's right shoulder.

Ms. Sweeney sued Mr. Noble in Adams County Superior Court. In January 2014, she added Dr. Dunlap to that case, alleging that he also was negligent in advising PA-C Noble concerning the 2010 procedure. Dr. Dunlap ultimately prevailed on summary judgment, successfully arguing that the claim was barred by the statute of limitations. Ms. Sweeney appealed to this court in May 2014, asserting, among other claims, that Dr. Dunlap was liable on the basis that he treated her continuously from 2010 to 2012.

On June 17, 2014, Ms. Sweeney sued Dr. Dunlap in Spokane County Superior Court, alleging that he provided negligent care "about April 25th, 2010, and continuing thereafter into 2012."[1] Clerk's Papers (CP) at 4. The Spokane County cause was stayed

---

[1] The complaint in the Adams County case had alleged that the defendants "on or about April 25th, 2010, and continuing thereafter . . ." breached the standard of care owed to Ms. Sweeney. Clerk's Papers (CP) (No. 32486-9-III) at 63.

2

No. 36154-3-III
*Sweeney, et al. v. Dunlap, et ux, et al.*

by agreement of the parties pending the outcome of the appeal in the Adams County case.

This court heard oral argument of the Adams County appeal on June 10, 2015, and then

stayed its decision pending the outcome of a case before the Washington Supreme Court.[2]

This court lifted its stay and heard argument again on March 15, 2016, after

allowing supplemental briefing.  Thereafter, we issued an opinion that affirmed the

dismissal of the claim against Dr. Dunlap.[3]  In the course of rejecting Ms. Sweeney's

argument that the negligence claim against Dr. Dunlap for the 2010 treatment was timely

in light of his continuing treatment of her through 2012 (a period within the statute of

limitations), we stated:

> There was no continuing course of care between 2010 and 2012.
> Furthermore, there is no showing the 2012 surgery was due to negligence in
> 2010.  Finally, the negligence allegations relate to the care provided in
> 2010.  There is no allegation Dr. Dunlap provided substandard care in
> 2012.

*Sweeney, et vir. v. Adams County Pub. Hosp. Dist., et al.*, No. 32486-9-III, slip op. at 14

(Wash. Ct. App. Oct. 25, 2016) (unpublished), http://courts.wa.gov/opinions/pdf/324869

_opn.pdf.

The opinion appended a footnote to the final sentence quoted above.  It read:

> Even if the issue had been presented, the affidavits of the plaintiff's experts
> do not satisfy *Keck*.  There is no showing what a reasonable doctor would

---

[2] *Keck v. Collins*, 184 Wn.2d 358, 357 P.3d 1080 (2015).
[3] The dismissal of the claim against Mr. Noble was reversed and the matter remanded to Adams County.  We were advised at oral argument of this case that Sweeney's claim against Noble has been settled.

> or would not have done during the 2012 surgery, or that Dr. Dunlap failed
> to meet those standards. *Keck*, 184 Wn.2d at 371. Merely alleging a
> continuing course of conduct does not revive a claim that appellants
> initially had waived.

*Id*. at n.2 (as amended Oct. 25, 2016).

The stay of the Spokane County case eventually was lifted and Dr. Dunlap ultimately moved for summary judgment. He argued that the claim was resolved by this court's decision in the Adams County appeal and, alternatively, that Ms. Sweeney lacked evidence that he performed the 2012 surgery negligently. CP at 50-63. In response, Ms. Sweeney argued that res judicata did not apply because this action related solely to the 2012 surgery, the Adams County case did not result in a judgment on the merits, and that her expert provided evidence that Dr. Dunlap was negligent because he did not recognize the need for augmentation material during the 2012 shoulder surgery. CP at 71-82. In reply, Dr. Dunlap argued that res judicata applied and this court had already determined that he was not negligent.

The trial court granted summary judgment, ruling that the Spokane County claim was barred by the decision in the Adams County appeal. Report of Proceedings at 23-24. An order was entered to that effect. Ms. Sweeney timely appealed to this court. A panel again heard oral argument of her appeal.

No. 36154-3-III
*Sweeney, et al. v. Dunlap, et ux, et al.*

ANALYSIS

The sole issue we reach is whether res judicata applied to the Spokane County

case in light of the ruling in the Adams County appeal.[4]  The previous appeal did not

address the alleged negligence in the 2012 surgery other than to rule it was not properly

part of that case.[5]  Accordingly, res judicata did not bar the current action.

This court reviews a summary judgment *de novo*, performing the same inquiry as

the trial court.  *Lybbert v. Grant County*, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000).  The

facts, and all reasonable inferences to be drawn from them, are viewed in the light most

favorable to the nonmoving party.  *Id.*  If there is no genuine issue of material fact,

summary judgment will be granted if the moving party is entitled to judgment as a matter

of law.  *Id.*

The doctrine of res judicata, also known as claim preclusion, applies to related

lawsuits between parties.  In general, a final ruling involving the same cause of action

between the same parties will govern subsequent cases involving the same action.

*Hadley v. Cowan*, 60 Wn. App. 433, 440-441, 804 P.2d 1271 (1991).  *See generally*,

---

[4] We need not assess whether plaintiff provided sufficient evidence that the 2012 surgery was negligently performed to defeat summary judgment since the trial court did not weigh in on that topic and we believe the pleading should be amended in light of the two appeals.  Should the issue arise again, we suggest for clarity's sake that affidavits address only the 2012 surgery and not the time-barred 2010 treatment.

[5] We also need not consider appellant's argument that res judicata does not apply to a previous judgment not based on the substantive merits of the case.

5

Philip A. Trautman, *Claim and Issue Preclusion in Civil Litigation in Washington*, 60 WASH. L. REV. 805 (1985). There are four criteria that must be found in order to apply the doctrine of res judicata. The two cases must involve: (1) the same subject matter, (2) the same cause of action, (3) the same persons and parties, and (4) the quality of the parties. *Hadley*, 60 Wn. App. at 441; Trautman, *supra*, at 812. Because res judicata presents a legal question, this court's review is de novo. *Emerson v. Dep't of Corr.*, 194 Wn. App. 617, 626, 376 P.3d 430 (2016).

At its heart, this appeal involves an interpretation of language we used in the previous appeal, set into the landscape of a res judicata claim. The determination in that first appeal that the 2012 rotator cuff surgery was not before the trial court recognized that the 2012 treatment was different than the 2010 treatment. The two matters fail the identical subject matter and cause of action elements of res judicata.[6]

Washington courts have not articulated a test for determining whether cases have identical subject matter, and have generally dealt with this element in a cursory manner. *See Hayes v. City of Seattle*, 131 Wn.2d 706, 712-713, 934 P.2d 1179 (1997); *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 866, 93 P.3d 108 (2004); *Gold Star Resorts, Inc. v. Futurewise*, 167 Wn.2d 723, 738, 222 P.3d 791 (2009); *Schroeder v. Excelsior Mgmt. Grp., LLC*, 177 Wn.2d 94, 108, 297 P.3d 677 (2013). Indeed, this element

---

[6] We agree that the third and fourth elements—identity of parties and quality of parties—exist.

appears to be largely, if not entirely, duplicative of the same cause of action element.

Trautman, 60 Wash. L. Rev. at 812-813.

Our courts have articulated four factors to be considered in assessing whether causes of action are identical:

> (1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Rains v. State*, 100 Wn.2d 660, 664, 674 P.2d 165 (1983) (quoting *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-1202 (9th Cir. 1982)).

With these considerations in mind, it is time to turn to our previous opinion in the Adams County case. There we discussed the facts of the case and the argument involving Mr. Noble before turning to the claim against Dr. Dunlap. *Sweeney*, No. 32486-9-III, slip op. at 1-10. We first ruled that the case against Dr. Dunlap was untimely filed because of inexcusable neglect. *Id*. at 10-13. We then turned to Ms. Sweeney's alternative argument that "the treatment was ongoing and continuous, culminating with the rotator cuff repair." *Id*. at 13.[7] We rejected that argument, finding that the pleading only referenced the 2010

---

[7] If the argument had been successful, the effect would have been to require Dr. Dunlap to defend against the 2010 claim as well as the 2012 claim due to the fact that the last act of negligence would have occurred within the statute of limitations period and allowed the amendment to relate back to the original filing. *See* CR 15(c).

treatment. *Id*. at 14. We expressly noticed that there was "no *allegation* Dr. Dunlap provided substandard care in 2012." *Id*. (emphasis added). We then footnoted that sentence to explain that even "if the issue had been presented," the expert affidavits did not sufficiently address the 2012 treatment. *Id*. at n.2 (as amended Oct. 25, 2016).

The first opinion expressly determined that there was no allegation of ongoing treatment continuing through the 2012 surgery. The sentences discussed above all arose in the specific context of answering the continuing treatment argument and why that exception did not save Ms. Sweeney's first case—it was not pleaded and there was no evidentiary support for it. While Dr. Dunlap understandably attempts to run with that last observation, his argument does not translate well because it is lifted out of its context. There was no evidentiary support for a *continuing course of treatment* extending into 2012. We were in no position to opine that there was or was not evidence of negligence in 2012 because that issue was not part of the case.

It is for that reason that Dr. Dunlap's res judicata argument fails the first two factors of the res judicata test. We need not create an analysis for evaluating what constitutes "same subject matter" for res judicata purposes because the previous opinion determined the 2012 surgery was not part of the untimely law suit arising from the 2010 injuries. Under any test we might develop, we could not include any subject matter already excluded by the first appeal.

8

Likewise, we have no hesitance in concluding that the two cases do not involve the same cause of action. The Adams County litigation was limited to the 2010 treatment. As a consequence of that first appeal, this action only involves the 2012 surgery. Our rejection, in that appeal, of the continuing treatment argument necessarily means that the two actions are not the same. Consideration of the four *Rains* factors likewise compels the conclusion that these two actions are not the same—(1) the dismissal of the 2010 claim against Dr. Dunlap does not resolve the 2012 claim, (2) different evidence will support the 2012 claim than supported the 2010 action, (3) while the same shoulder is at issue, the two different injuries occurred separately, and (4) the same nucleus of facts are not at issue in each case. *Rains*, 100 Wn.2d at 664. The two actions are not the same.

The court erred in granting summary judgment on res judicata grounds. In light of the fact that Ms. Sweeney's Spokane County pleading references the 2010 events that have been the subject of two appeals, it may be wise to amend the pleading to delete that reference or take other action to confirm this lawsuit now involves only the 2012 rotator cuff surgery.

No. 36154-3-III
*Sweeney, et al. v. Dunlap, et ux, et al.*

We reverse the order of dismissal and remand for further action consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Siddoway, J.