# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| BANK OF NEW YORK MELLON, as Trustee for CWABS Inc., Asset-Backed Certificates, Series 2007-2,<br><br>            Appellant,<br><br>      v.<br><br>GWEN S. BARTOL,<br><br>            Respondent. | No. 85773-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — The central issue in this appeal is whether Bank of New York Mellon, as Trustee for CWABS Inc., Asset-Backed Certificates, Series 2007-2 (BNY Mellon), can pursue claims to reform the legal description of encumbered property for a loan made to Gwen S. Bartol when it asserted claims seeking the same relief, unsuccessfully, in a prior lawsuit. Because BNY Mellon's claims are barred by claim preclusion, we affirm the trial court's ruling dismissing the claims on summary judgment and affirm the trial court's ruling awarding attorney fees and costs in Bartol's favor.

I

Bartol is the owner of the property commonly known as 26867 156th Place SE, Covington, WA, King County (the Property). The Property is comprised of four Parcels: (1) King County parcel #2622059034 (Parcel 9034); (2) King County

No. 86176-0-I

parcel #2622059047 (Parcel 9047); (3) King County parcel #2622059054 (Parcel 9054); and (4) King County parcel #2622059140 (Parcel 9140). Parcel 9047 is made up of two tracts: Tract A and Tract B. Bartol's house is located on Parcel 9054 and Tract B of Parcel 9047. No portion of Bartol's house is located on Tract A.

In March 2007, Bartol obtained a loan from America's Wholesale Lender and signed a Deed of Trust encumbering Parcel 9054 (where roughly half of her house is located) and Parcel 9034 (which does not include any portion of her house) as security for the loan. At closing, Bartol also signed a document correction agreement whereby she agreed to "comply with Lender's request to execute, acknowledge, initial and deliver to Lender any documentation Lender deems necessary to replace or correct the lost, misplaced, misstated, inaccurate or otherwise missing documents."

On June 30, 2011, BNY Mellon became the beneficiary of the Deed of Trust. On February 25, 2015, Bartol received a document titled "Notice of Trustee's Sale" from MTC Financial Inc., a successor trustee. The document notified Bartol that she had a number of "delinquent payment[s]" and that the Property encumbered by the Deed of Trust (Parcels 9034 and 9054) "will be sold to satisfy the expense of sale and obligation secured by the Deed of Trust." In response, Bartol notified MTC Financial that "[o]nly half of the house is being foreclosed on and a vacant lot. The other half of my home has been left out. I own four parcels here and you have them confused." On December 10, 2018, Bartol received a notice of default from Select Portfolio Servicing. Bartol and BNY Mellon agreed to mediation where Bartol again explained that the Deed of Trust encumbered property that included

only a portion of her residence.

On March 13, 2020, BNY Mellon issued another notice of default notifying Bartol that if she does not "cure said alleged default . . . the property . . . may be sold at public auction . . . ." In July 2020, BNY Mellon filed a complaint (the First Lawsuit) against Bartol. On October 27, 2020 BNY Mellon sent an email to Bartol's counsel requesting that "Bartol sign . . . a corrected Deed of Trust . . . correcting the legal description of the Property in the Deed of Trust." Bartol's counsel replied on November 5, 2020 indicating that Bartol would not sign a corrective document.

On January 15, 2021, BNY Mellon filed an amended complaint alleging two causes of action. First, BNY Mellon alleged that Bartol breached the document correction agreement by "refusing to sign a corrective document to correct the error in the legal description of the Property in the Deed of Trust." Second, BNY Mellon alleged a cause of action for reformation, which sought to reform the Deed of Trust "to include the legal descriptions of the two missing tax parcels [(Parcels 9047 and 9140)]." In other words, BNY Mellon asserted that all four parcels (9034, 9047, 9054, and 9140) should be encumbered as security for the loan.

On July 26, 2021, after a two-day trial, the trial court entered findings of fact and conclusions of law concluding that Bartol did not breach the document correction agreement because "the requested amendment would not have corrected the mutual mistake made in the Deed of Trust." As for BNY Mellon's request to reform the Deed of Trust, the court found that a "mutual mistake was made by Bartol and America's Wholesale Lender in executing the Deed of Trust to encumber only parcel 9054 and 9034." The court reasoned:

> The Court finds that Plaintiff's claim to reform the Deed of Trust to encumber all four parcels owned by Bartol is not an appropriate remedy for the mutual mistake. Instead, the Court finds that reformation to amend the Deed of Trust to reflect the parties' original intent to encumber Parcel 9054 and Parcel 9047 is an appropriate remedy. BNY Mellon is entitled to reformation of the Deed of Trust to include the legal descriptions of the Parcel 9054 and Parcel 9047.

Thus, while the court rejected BNY Mellon's argument that all four parcels should be encumbered, it agreed that the two parcels that included portions of Bartol's house (9047 and 9054) should be encumbered.

To effectuate its ruling, the trial court entered a final judgment on September 23, 2021 wherein the court struck the original legal descriptions in the Deed of Trust and replaced them with a revised legal description. While the revised description of Parcel 9054 is generally correct (missing only two words), the revised description of Parcel 9047 includes only Tract A of Parcel 9047 despite the fact that two tracts make up Parcel 9047—Tract A and Tract B—and the only portion of Bartol's home that is located on Parcel 9047 is located on Tract B and not on Tract A.

To correct these mistakes, BNY Mellon filed a CR 60 motion titled "Plaintiff's Motion to Correct Final Judgment." Regarding Parcel 9054, BNY Mellon requested that the court amend the legal description to add the two missing words, which are "218 feet." Regarding Parcel 9047, BNY Mellon sought to replace the legal description of Tract A with a legal description of Tract B so that the Deed of Trust would encumber the portion of Parcel 9047 that includes Bartol's house.

On January 10, 2022, the court entered an order granting in part and denying in part BNY Mellon's CR 60 motion. The court granted BNY Mellon's motion with regard to Parcel 9054 to read as BNY Mellon requested. But the court

denied BNY Mellon's motion with regard to the proposed legal description for Parcel 9047. The court reasoned that:

> . . . no legal basis exists nor does this court have the authority to grant Plaintiffs Motion to "correct" the language describing Parcel [9047]. The Final Judgment entered by the Trial Court (Judge Cahan), is consistent with the language contained within the admitted Trial Exhibit No. 2. Judge Cahan, the finder of fact and law, adopted that language when she executed the Final Judgment. As such, outside of an agreement of the parties, no legal basis for this judicial officer to disturb Judge Cahan's orders.

Thereafter, the court entered its amended final judgment on March 16, 2023, reforming the Deed of Trust. Consistent with the court's order granting in part and denying in part BNY Mellon's motion to correct the final judgment, the amended final judgment includes the modified legal description of Parcel 9054 but continues to include the legal description for the portion of Parcel 9047 that does not include Bartol's residence.

BNY Mellon commenced this lawsuit (the Second Lawsuit) on March 21, 2023. It asserts two causes of action for reformation. The first cause of action seeks reformation of the final judgment in the First Lawsuit. In this first cause of action, BNY Mellon alleges that by "mutual mistake or scrivener's error, the legal description of Parcel 9047 in the Final Judgment . . . is incorrect" and "should be reformed to the correct legal description of Parcel 9047." The second cause of action alleges that by "mutual mistake or scrivener's error, the legal description of Parcel 9047 in the [2023] Deed of Trust is incorrect" and "should be reformed to the correct legal description of Parcel 9047."

BNY Mellon and Bartol each filed a motion for summary judgment. In its summary judgment motion, BNY Mellon argued that because the trial court in the

First Lawsuit relied on a void deed, the 2023 Deed of Trust and Judgment "must be reformed to replace the legal description of Parcel 9047 with the legal description in Bartol's vesting deed, the 1993 Quit Claim Deed." Bartol's 1993 vesting deed includes substantially the same legal description of Parcel 9047 as BNY Mellon requested in the CR 60 motion. At the conclusion of the hearing on both parties' motion for summary judgment, the trial court issued an oral ruling denying BNY Mellon's motion because issues of fact precluded the requested relief.

Bartol's motion for summary judgment, in contrast, sought to dismiss BNY Mellon's reformation claims based on preclusion principles (both issue preclusion and/or claim preclusion) because those claims were, or could have been, litigated in the First Lawsuit. At the conclusion of the summary judgment hearing, the trial court reserved ruling on this motion. Three days after the hearing, the trial court issued an order memorializing its decision to deny BNY Mellon's motion for summary judgment and granting Bartol's motion for summary judgment. The trial court did not specify whether it granted Bartol's motion based on issue preclusion, claim preclusion, or both.

BNY Mellon appeals.

II

BNY Mellon argues that the trial court erred in dismissing its reformation claims on summary judgment. We disagree.

"Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Weaver v. City of Everett*, 194 Wn.2d 464, 472, 450 P.3d 177 (2019) (citing CR 56(c)). "We

review summary judgment orders de novo, viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Id.* "The reviewing court considers all facts submitted, engaging in the same inquiry as the trial court . . . and may affirm on any basis supported by the record." *Redding v. Virginia Mason Med. Ctr.*, 75 Wn. App. 424, 426, 878 P.2d 483 (1994). Bartol's motion for summary judgment raised two alternative grounds for dismissal: claim preclusion and issue preclusion. Because we hold that BNY Mellon's reformation claims are barred by claim preclusion principles, we need not reach the remaining issues raised by BNY Mellon.

Claim preclusion is an equitable doctrine "that preclude[s] the relitigation of already determined causes." *Weaver*, 194 Wn.2d at 472-73. Further, it is "intended to curtail multiplicity of actions, prevent harassment in the courts, and promote judicial economy." *Id.* at 473. To that end, claim preclusion "bars the relitigation of claims that were litigated, *might* have been litigated, or *should* have been litigated in a prior action." *Weaver v. City of Everett*, 4 Wn. App. 2d 303, 320, 421 P.3d 1013 (2018), *aff'd*, 194 Wn.2d 464, 450 P.3d 177 (2019). A party seeking to apply claim preclusion must establish "concurrence of identity . . . (1) of subject-matter; (2) of cause of action; (3) of persons and parties; and (4) in the quality of the persons for or against whom the claim is made." *Weaver*, 194 Wn.2d at 480 (quoting *N. Pac. Ry. Co. v. Snohomish County*, 101 Wash. 686, 688, 172 P.878 (1918)). "Because it is a question of law, we review a determination that claim preclusion applies de novo." *Hassan v. GCA Prod. Servs., Inc.*, 17 Wn. App. 2d 625, 633, 487 P.3d 203 (2021).

BNY Mellon concedes that the third and fourth elements above are satisfied, but argues that the first two elements are not satisfied. As to the first element—identity of subject matter—there is "limited case law defining when the subject matter of related cases differs." *Weaver*, 194 Wn.2d at 480. Courts generally focus on the "asserted theory of recovery rather than simply the facts underlying the dispute." *Marshall v. Thurston County.*, 165 Wn. App. 346, 353, 267 P.3d 491 (2011). In determining the identity of subject matter, "'the critical factors seem to be the nature of the claim or cause of action and the nature of the parties.'" *Id*. (quoting *Hayes v. City of Seattle*, 131 Wn.2d 706, 712, 934 P.2d 1179 (1997)). Here, the undisputed facts show that the prior action and current action share concurrence of identity of subject matter. BNY Mellon asserts the same cause of action (reformation) against the same party (Bartol) to reform the same document (the Deed of Trust) in both lawsuits. As a result, both of BNY Mellon's lawsuits sought the same theory of recovery based on the same underlying facts. Thus, the subject matter is identical and the first element of claim preclusion is satisfied.

Moving to the second element of claim preclusion—identity of cause of action—Bartol correctly argues that the causes of action in the two lawsuits are identical. There are four criteria to consider when determining whether the causes of action are identical:

> "(1) [w]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts."

*Thompson v. King County.*, 163 Wn. App. 184, 196, 259 P.3d 1138 (2011) (quoting *Rains v. State*, 100 Wn.2d 660, 664, 674 P.2d 165 (1983). All four criteria need not be present to bar the second action. *See Rains*, 100 Wn.2d at 664. Also, the fourth consideration "is the most important." *Deja Vu-Everett-Federal Way, Inc. v. City Of Federal Way*, 96 Wn. App. 255, 262, 979 P.2d 464 (1999).

While the third consideration (substantially the same evidence is presented in the two actions) is not met, the other three are met, which is sufficient to bar BNY Mellon's claims. First, the rights established in the prior judgment would be impaired if the legal description of Parcel 9047 in the Deed of Trust is reformed. BNY Mellon's proposed legal description of Parcel 9047 is different from the one in the 2023 Deed of Trust. As a result, if BNY Mellon were to succeed in this action, it would impair the rights and interests established in the first action. Second, the two suits involve the infringement of the same right. BNY Mellon argues that the Deed of Trust, even after its reformation, still does not encumber the correct land and, therefore, it seeks to reform the Deed of Trust a second time. Third, and finally, the two suits arise out of the same transactional nucleus of facts. Both actions arise from Bartol's transaction with America's Wholesale Lender where she signed the Deed of Trust encumbering her property as security for a loan. As a result, the causes of action in the two lawsuits are identical and the remaining element of claim preclusion is satisfied.

Because all of the elements of claim preclusion are satisfied here, BNY Mellon's reformation claims are barred by claim preclusion. We therefore need not—and do not—reach BNY Mellon's remaining arguments regarding the viability and merits of its claims.

III

BNY Mellon argues that the trial court erred when it awarded Bartol attorney fees and costs below. We disagree.

The Deed of Trust includes an "Attorneys' fees" provision. It states: "Lender shall be entitled to recover its reasonable attorneys' fees and costs in any action or proceeding to construe or enforce any term of this Security Instrument." Bartol argues that the trial court properly awarded her attorney fees under RCW 4.84.330. That statute states:

> In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, *whether he or she is the party specified in the contract or lease or not*, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements.

RCW 4.84.330 (emphasis added). Applying this statute here, the trial court correctly awarded Bartol attorney fees and costs below because the Deed of Trust provides that attorney fees and costs shall be awarded to the prevailing party "in any action to construe or enforce" the Deed of Trust. Thus, we affirm the trial court's award of attorney fees and costs.

Notwithstanding the above analysis, BNY Mellon argues that because "the parties' cross motions for summary judgment focused exclusively on the intent of the trial court and the parties in the First Lawsuit," the trial court only dismissed BNY Mellon's claim "to reform the Judgment and Amended Judgment and thus, there was no basis for the trial court to award attorneys' fees." This argument is unsupported by the record. The parties' cross-motions for summary judgment were not limited to BNY Mellon's claim to reform the judgment in the First Lawsuit.

- 10 -

As a result, we reject BNY Mellon's argument and affirm the trial court's decision to award Bartol reasonable attorney fees and costs based on the attorney fees provision in the Deed of Trust.

In the alternative, BNY Mellon argues that the trial court's award of attorney fees "should be reduced by half." BNY Mellon reasons "if the Court determines that Bartol is entitled to recover attorneys' fees, those fees should be apportioned given that the Complaint alleged two causes of action for reformation, one to reform the final judgment in the First Lawsuit and one to reform the Deed of Trust." While BNY Mellon did allege two causes of action for reformation in its complaint, the trial court found, and we agree, the two causes of action are "so intertwined that fee and cost segregation limiting reformation to reformation of the judgment entered [in the prior action] was not possible." The trial court therefore did not abuse its discretion in awarding the requested fees. *See Simpson v. Thorslund*, 151 Wn. App. 276, 289, 211 P.3d 469 (2009) (no abuse of discretion where trial court did not segregate attorney fees based on its finding that "the facts underlying the multiple claims are so intertwined that the related fees cannot feasibly be segregated"). Accordingly, we reject this alternative argument.

Lastly, Bartol asks this court to award her attorney fees and costs on appeal under RAP 18.1. RAP 18.1 states:

> If applicable law grants to a party the right to recover reasonable attorney fees or expenses on review before either the Court of Appeals or Supreme Court, the party must request the fees or expenses as provided in this rule, unless a statute specifies that the request is to be directed to the trial court.

RAP 18.1. As discussed above, Bartol may recover attorney fees under RCW 4.84.330. Further, the statute does not specify that the request must be directed

No. 86176-0-I

to a trial court rather than an appellate court.  As a result, we grant Bartol's request for attorney fees and expenses on appeal.

Affirmed.

Feldman, J.

WE CONCUR:

Birk, J.

Smith, C.J.