**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

BIH LING CHANG,

                Appellant,

        v.

SHI SHONG GOURMET, LLC, a
Washington State Limited Liability
Company doing business as
Foodshion; and PENG XIE,

                Respondents.

No.    87428-4-I

DIVISION ONE

UNPUBLISHED OPINION

FELDMAN, J. — Bih Ling Chang appeals the trial court's summary judgment order dismissing her claims against Shi Shong Gourmet, LLC and Peng Xie (together "Respondents") based on claim preclusion principles[1] and lack of standing. Consistent with the parties' briefing and record herein, we refer to Shi Shong Gourmet as "Foodshion." Finding no error, we affirm.

I

This appeal arises out of Chang's second attempt to collect on two promissory notes (the Notes) memorializing loans by Chang to Foodshion. The first such attempt (the First Lawsuit) was initiated by Chang in February 2021.

---

[1] In the trial court below and in their briefing on appeal, the parties refer to "claim preclusion" as "res judicata." For clarity and consistency, we use the modern terminology—"claim preclusion"—which has "replaced a more confusing lexicon." *Taylor v. Sturgell*, 553 U.S. 880, 892 n.5, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008).

Chang filed a complaint naming as defendants both Xie and Foodshion. In stating the relevant facts in that lawsuit, Chang's complaint expressly referenced the alleged debt owed to her by Foodshion as follows:

> On February 2, 2021, Xie sent Plaintiff notice that he intends to sell the assets of Foodshion at an auction on February 25, 2021. In the notice of the auction Xie stated that creditors can use the alleged debt owed to the creditor as a credit toward the purchase of Foodshion's assets. Plaintiff is informed and believes that Xie intends to use the alleged debt owed to him by Foodshion to acquire Foodshion's assets through the contrivance of an auction and deprive Plaintiff and [Xie] of their ownership rights in Foodshion.

To ensure that the Notes would be repaid, Chang alleged claims for breach of fiduciary duty and accounting and demanded an order dissolving Foodshion after the completion of the requested accounting.

Chang reiterated this focus on payment of the Notes in her subsequent trial brief in the First Lawsuit. There, Chang asserted:

> From January and March 2018, Chang loaned the Restaurant $14,000 . . . . The foregoing loans are evidenced by loan agreements signed by both Xie and Chang. See, for example, the loan agreements, dated January and March 2018, signed by Chang and Xie. . . .
>
>      . . . .
>
> Xie has refused to use any of the restaurant's assets to make payment on Chang's $14,000 loan to the Restaurant, despite Chang's repeated requests for interest. See for example, Chang's invoices for interest to the Restaurant, Chang Exhibit "510."

Chang also stated, "At trial Chang will be requesting a judgment against Xie for her lost investment and loans to Foodshion totaling over $354,000 plus interest."

Chang did not prevail in the First Lawsuit. Following a 10-day bench trial at which each party presented witnesses and exhibits, the trial court found in favor of Xie, dismissed Chang's claims with prejudice, and entered judgment in Xie's favor.

Only Xie appealed, and the sole issue in that appeal was whether the trial court abused its discretion in denying Xie's motion for an award of attorney fees and costs incurred in defending against Chang's unsuccessful claims. This court affirmed in an unpublished opinion[2] and issued its mandate in March 2025.

A few months later, in May 2025, Chang initiated the instant lawsuit (the Second Lawsuit) by filing another complaint against Xie and Foodshion. In the complaint, Chang alleges:

> In 2018 Plaintiff loaned Foodshion $14,000. Foodshion's debt to Plaintiff was evidenced by two written promissory notes from Foodshion, signed by Defendant Xie on behalf of Defendant Foodshion, dated January 5, 2018, for $4,000 and March 2, 2018 for $10,000 (referred to hereinafter as the "Notes"). The interest on the Notes was 12%. To date approximately $10,000 in interest has accrued on the Notes. Therefore, the total amount currently owing to Plaintiff on the Notes is approximately $24,000.00.

Chang's first cause of action—for breach of contract—seeks damages based on nonpayment of this debt. Chang's second cause of action—for declaratory relief—seeks to determine the assets that are available to Respondents to satisfy that debt.

In response to Chang's complaint, Respondents filed a motion for summary judgment seeking dismissal of the complaint based on claim preclusion principles and lack of standing. The trial court granted the motion on both grounds as follows:

> The Court, considering itself fully advised in the premises, hereby finds that: (1) there are no genuine issues of material fact concerning the claims against Peter Xie or Shi Shong Gourmet, LLC; (2) Plaintiff lacks standing to bring these claims because she has no substantial interest in assets formerly belonging to Defendant Shi Shong Gourmet, LLC; and (3) Plaintiff's claims are barred in their

---

[2] *Chang v. Xie*, No. 85519-1-I, slip op. (Wash. Ct. App. Dec. 30, 2024) (unpublished) https://www.courts.wa.gov/opinions/pdf/855191.pdf.

entirety as a matter of law on the basis of the doctrine of res judicata [(claim preclusion)].

This timely appeal followed.

II

Chang argues the trial court erred in granting summary judgment dismissing her claims against Respondents. We disagree.

"Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Weaver v. City of Everett*, 194 Wn.2d 464, 472, 450 P.3d 177 (2019) (citing CR 56(c)). "We review summary judgment orders de novo, viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Id*. "The reviewing court considers all facts submitted, engaging in the same inquiry as the trial court . . . and may affirm on any basis supported by the record." *Redding v. Virginia Mason Med. Ctr.*, 75 Wn. App. 424, 426, 878 P.2d 483 (1994). As noted, the two asserted grounds for dismissal at issue here are claim preclusion and standing. Because we affirm on claim preclusion grounds, we need not (and do not) reach the issue of standing.

Claim preclusion is an equitable doctrine "that preclude[s] relitigation of already determined causes." *Weaver*, 194 Wn.2d at 472-73. It is "intended to curtail multiplicity of actions, prevent harassment in the courts, and promote judicial economy." *Id*. at 473. To that end, claim preclusion bars "the relitigation of claims that were litigated or *could have been* litigated in a prior action." *Cowan v. Cowan*, 29 Wn. App. 2d 355, 370, 540 P.3d 158 (2023) (emphasis added). A party seeking to apply claim preclusion must establish "identity of (1) subject matter; (2) cause

- 4 -

of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made." *Rains v. State*, 100 Wn.2d 660, 663, 674 P.2d 165 (1983). "Because it is a question of law, we review a determination that claim preclusion applies de novo." *Hassan v. GCA Prod. Servs., Inc.*, 17 Wn. App. 2d 625, 633, 487 P.3d 203 (2021).

Applying de novo review, the four-part test to apply claim preclusion is satisfied here. As section I above shows, the subject matter in both the First Lawsuit and this Second Lawsuit is the alleged nonpayment of debt by Foodshion to Chang. The trial court in the First Lawsuit rejected Chang's claims seeking repayment of the Notes, which is the same relief Chang seeks here. The causes of action are also identical for purposes of claim preclusion, as both the First Lawsuit and this Second Lawsuit assert causes of action relating to Chang's failure to repay her debt to Foodshion and arise out of the same transactional nucleus of facts (the unpaid Notes). *See Rains*, 100 Wn.2d at 664 (setting forth criteria to determine whether the causes of action are identical for claim preclusion purposes). And lastly, the parties and their quality are identical because both Chang and Foodshion are bound by the judgment in the First Lawsuit. *See Ensley v. Pitcher*, 152 Wn. App. 891, 905, 222 P.3d 99 (2009) ("The fourth element of res judicata simply requires a determination of which parties in the second suit are bound by the judgment in the first suit."). As there is a concurrence of the four identities, this Second Lawsuit is barred by claim preclusion.

Chang's contrary arguments lack merit. Chang argues claim preclusion does not apply to her claims in this lawsuit because Foodshion was a "nominal

defendant" in the First Lawsuit and "[o]ne of the requirements of [claim preclusion] is the parties in the action be <u>adverse</u> and that the issue be decided after a <u>contest</u>." To support this argument, Chang relies on *Woodruff v. Coate*, 195 Wash. 201, 80 P.2d 555 (1938). But *Woodruff* does not impose any such requirement. While the court in *Woodruff* held that claim preclusion applies to adverse parties whose claims are litigated by contest, it then proceeded to hold that claim preclusion also applies to those in privity with a party and those who are "interested in the subject matter of the suit" and "exercise the right of participating in the defense." *Id.* at 212. Thus, Chang's reliance on *Woodruff* is wholly misplaced. Nor has Chang cited a case holding that whether a litigant was or was not a nominal defendant in a prior lawsuit is outcome determinative for claim preclusion purposes.

Chang also argues that claim preclusion does not apply here because "no claims for damages were brought by Plaintiff against Foodshion in the previous action." That argument also fails because, as noted previously, claim preclusion bars "the relitigation of claims that were litigated" as well as those that "*could have been litigated* in a prior action." *Cowan*, 29 Wn. App. 2d at 370 (emphasis added). Thus, even if Chang did not expressly assert a damages claim against Foodshion in the First Lawsuit (despite seeking such relief, as evidenced by her trial brief), there is no dispute that Chang *could have* done so. Chang conceded at oral argument below that "theoretically, everything can be litigated in a case with the same parties" and added that she deliberately chose not to assert a breach of contract claim against Foodshion in the First Lawsuit because doing so would

"waste the corporate assets." Having named Foodshion as a defendant in the First Lawsuit, Change *could have* asserted the same claim she is asserting now. That is sufficient to invoke claim preclusion principles.

Lastly, Chang asserts in her reply brief (1) that she "was not obligated to bring a claim against [Foodshion] for breach of contract in the original action under CR 13 because [her] breach of contract claim was a permissive counter claim against a co-party" and (2) "[a] derivative claim on behalf of a corporation is not adverse to the corporation." As to CR 13, Chang improperly asserts that argument for the first time on reply. "We will not consider issues argued for the first time in the reply brief." *Ainsworth v. Progressive Cas. Ins. Co.*, 180 Wn. App. 52, 78 n.20, 322 P.3d 6 (2014). But even if we ignore that procedural bar, neither argument makes logical sense: (1) Chang was the named plaintiff (not the defendant) in the First Lawsuit so CR 13 is inapposite here; and (2) because Foodshion was a named defendant in the First Lawsuit (and in that sense adverse), Chang could have asserted a breach of contract claim to recover the unpaid debt, which is sufficient to apply claim preclusion principles.[3]

Because Chang's claims in this Second Lawsuit are barred by claim preclusion, we affirm the trial court's summary judgment ruling dismissing the claims on that basis. We therefore need not (and do not) reach Respondents' standing argument.

---

[3] Because these arguments are not in any event persuasive, we deny as moot Respondents' motion to strike the corresponding portions of Chang's reply brief.

III

In the event this court affirms the trial court's summary judgment ruling, Respondents request an award of attorney fees on appeal under RCW 4.84.330, which governs fee awards pursuant to unilateral fee provisions, and RAP 18.9, which permits such an award as a sanction for filing a frivolous appeal. The Notes contain a unilateral fee provision, and the trial court awarded fees under RCW 4.84.330 accordingly. Because Respondents have prevailed on appeal, we grant their request for appellate fees under RCW 4.84.330 subject to compliance with RAP 18.1.

As to RAP 18.9(a), "[a]n appeal is frivolous if there are no debatable issues on which reasonable minds might differ and is so totally devoid of merit that there is no reasonable possibility of reversal." *In re Custody of A.T.*, 11 Wn. App. 2d 156, 171, 451 P.3d 1132 (2019). Because all doubts as to whether an appeal is frivolous should be resolved in favor of the appellant, *id.*, and because Respondents have not demonstrated that the appeal was so totally devoid of merit that there is no reasonable possibility of reversal, we decline to award fees under RAP 18.9.

AFFIRMED

Feldman, J.

WE CONCUR:

Birk, J.

Coburn, J.